```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
               CIVIL NO.: 23-2983(DSD/DLM)
```

Michael Reger,

    Plaintiff,

v.                                                    **ORDER**

The Associated Press,

    Defendant.


This matter is before the court upon the motion to dismiss by defendant The Associated Press (AP). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted in part and denied in part.


**BACKGROUND**

This defamation case arises from an article published by the AP on June 16, 2022, regarding plaintiff Michael Reger. Reger was one of the founders and principals of Dakota Plains Holdings, Inc., an oil and gas company. Compl. ¶¶ 5-6; Compl. Ex. B, at 5. In 2016, a group of Dakota Plains shareholders filed a civil lawsuit in New York against Reger and ten others, alleging securities fraud, control person liability, and insider trading. Id. ¶¶ 6-7. The other defendants settled and Reger proceeded to trial. Id. ¶ 8.

On June 14, 2022, the jury returned a verdict finding Reger

civilly liable for securities fraud and as a control person for Dakota Plains.  Id. ¶ 9.  Reger was found not liable for insider trading.  Id.

On June 16, 2022, the Minneapolis Star Tribune published an article accurately explaining the Dakota Plains civil lawsuit and verdict.  Id. ¶¶ 10-18; id. Ex. B.  Later the same day, the AP published a short article regarding the lawsuit and verdict.  Id. ¶ 20.  Unlike the Star Tribune article, and despite citing to the accurate Star Tribune article, the AP article contained several errors.  Reger alleges that these errors wrongfully stated and implied that he was convicted of criminal activity rather than held civilly liable, thus causing substantial harm to his personal and business reputations.

Reger cites to the following factual errors in the AP article in his complaint:

- "Former Minnesota oil executive convicted of securities fraud."

- Reger "has been convicted in a stock manipulation scheme."

- "A federal jury in New York on Tuesday found Michael Reger guilty of securities fraud, wrapping up a shareholder lawsuit filed five years ago[.]"

- "Reger was acquitted of insider trading."

Id. Ex. C, at 1 (emphases added).

2

In addition to the inaccurate words regarding the nature of the lawsuit and verdict, Reger alleges that the article implied that he was found criminally liable. He specifically notes that the article discussed the fact that his Dakota Plains co-founder, Ryan Gilbertson, was convicted and sentenced to twelve years in prison for wire fraud, securities fraud, and conspiracy to commit securities fraud. Id. The article also stated that Gilbertson "agreed to testify against Reger." Id. Reger further cites to the last sentence in the article, which stated that "[a] third defendant in the case, Douglas Hoskins, was sentenced in 2018 for two years in prison for his role in the scheme." Id.

According to Reger, these statements - and the article's inclusion of hyperlinks to other articles addressing Reger's civil co-defendants' criminal convictions - bolstered the impression already created by the above-noted factual inaccuracies that Reger, too, was criminally liable and subject to imprisonment. Compl. ¶¶ 32, 36-37.

Reger alleges that the AP article has caused him significant and ongoing harm and has lowered his estimation in the community. For example, he claims that his insurer canceled his homeowner's policy "specifically because the insurance company had seen AP's article and its false report of [his] alleged conviction of a felony during the policy period." Id. ¶ 46. He also claims more

3

**DISCUSSION**

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II.   Defamation**

Reger alleges that the statements that he was "convicted" and found "guilty" of securities fraud and "acquitted" of insider trader constitute defamation.

To prevail under Minnesota law on claim of defamation, Reger must prove that defendant (1) published a statement of fact; (2)

5

of and concerning him; (3) which was false; and (4) damaged his reputation and lowered their estimation in community. Lewis v. Equitable Life Assurance Soc'y, 389 N.W.2d 876, 886 (Minn. 1986); Foley v. WCCO Television, Inc., 449 N.W.2d 497, 500 (Minn. Ct. App. 1989). The AP does not dispute that Reger has alleged the above elements of defamation.

The AP contends, however, that because Reger is a "limited-purpose public figure," he must also plausibly allege that the defamatory statements were made with "actual malice." Stepnes v. Ritschel, 771 F. Supp. 2d 1019, 1043-44 (D. Minn. 2011). Limited-purpose public figures are people who "have thrust themselves to the forefront of particular controversies in order to influence the resolution of the issues involved." Gertz v. Robert Welch, Inc., 418 U.S. 323, 345 (1974); see also Jadwin v. Minneapolis Star & Trib. Co., 367 N.W.2d 476, 480-81 (Minn. 1985). Reger denies being a limited-purpose public figure and argues that the issue should not be decided on a motion to dismiss in any event.

The court agrees with Reger that it is premature to consider whether he is a limited-purpose public figure, as that determination requires further factual development. See Woods Servs. Inc. v. Disability Advocs., Inc., No. 18-cv-296, 2018 WL 2134016, at * (E.D. Pa. May 9, 2018) ("The question of whether Plaintiff is a limited-purpose public figure is a question of fact

— "difficult and fact-specific" — not suitable for resolution under Rule 12(b)(6)."); see also Brodkorb v. Minnesota, No. 12-cv-1958, 2013 WL 588231, at *10 n.6 (D. Minn. Feb. 13, 2013) (assuming, for purposes of a motion to dismiss, that the plaintiff is a "private figure for whom the 'actual malice' standard is not applicable").

The court further notes that even if it were appropriate to determine on the present record that Reger is a limited-purpose public figure, the complaint plausibly alleges actual malice. Actual malice in this context is defined as a statement made "with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times Co. v. Sullivan, 376 U.S. 254, 280 (1964). "To show 'reckless disregard,' a plaintiff must prove the defendant made the statement 'while subjectively believing that the statement [was] probably false.'" Stepnes, 771 F. Supp. 2d at 1047 (quoting Chafoulias v. Peterson, 668 N.W.2d 642, 655 (Minn. 2003)).

Reger alleges that the AP acted with malice by making false statements about him that were readily contradicted by the Star Tribune article directly cited in the AP article. See Compl. 65-66. This meets the reckless disregard standard for pleading purposes. The court is unpersuaded by the AP's argument that Reger has at most pleaded that AP made a mistake, which cannot serve as the basis for actual malice. First, the cases the AP relies on

7

were decided on summary judgment on a full record rather than motions to dismiss. See Blankenship v. NBCUniversal, LLC, 60 F.4th 744 (4th Cir. 2023); Kipper v. NYP Holdings Co., Inc., 912 N.E.2d 26 (N.Y. 2009); Klayman v. City Pages, 650 Fed. App'x 744 (11th Cir. 2016). Second, the court cannot simply take the AP at its word that the errors were innocent mistakes. Although that may prove to be the case, it is a question for another day.

The AP also argues that the defamation claim fails as a matter of law because Reger has not adequately pleaded that the statements were materially false. Under Minnesota law, if a "statement is true in substance, inaccuracies of expression or detail are immaterial." Jadwin, 390 N.W.2d at 441. "A statement is substantially accurate if its gist or sting is true, that is, if it produces the same effect on the mind of the recipient which the precise truth would have produced." Id. (citation omitted).

The AP contends that when read as a whole, the article accurately conveys that Reger was found civilly rather than criminally liable, thereby showing that the errors were not materially false. What effect the errors may have had on readers is not a question the court can resolve on a motion to dismiss, however. See Lewis, 389 N.W.2d at 889 ("[T]he truth or falsity of a statement is inherently within the province of the jury.").

**III. Defamation by Implication**

8

Reger also alleges that the AP article impliedly defamed him by including statements and hyperlinks to other articles regarding the separate criminal proceedings against his co-defendants in the civil case. He asserts that this information falsely implied that he was also charged criminally with and found guilty of securities fraud.

"[D]efamation by implication is 'the juxtaposition of facts so as to imply a defamatory connection between them,' and another form is 'the omission of facts.'" Mudrich v. Wal-Mart Stores, Inc., 955 F. Supp. 2d 1001, 1028 (D. Minn. 2013) (quoting Michaelis v. CBS, Inc., 119 F.3d 697, 700 (8th Cir. 1997)). "In an implied defamation case, a defendant does not avoid liability by simply establishing the truth of the individual statement. Instead, the defendant must also defend the juxtaposition of the two statements or the omission of certain facts." Id. (quoting Michaelis, 119 F.3d at 700).

The AP challenges the adequacy of the implied defamation claim, arguing that Reger failed to allege that the AP intended the implication. But the complaint alleges otherwise, see Compl. ¶¶ 72-83, even going so far as to allege bad faith, id. ¶ 84. As a result, the facts alleged are sufficient to allow Reger to proceed on the theory of implied defamation.

**IV. Defamation Per Se**

9

Reger next alleges that the AP is liable for defamation per se because the article falsely accuses him of committing the crime of securities fraud.

A plaintiff claiming defamation typically must establish harm to reputation; emotional-harm damages are insufficient in themselves to make the matter actionable. Krogh v. Sweeney, 195 F. Supp. 3d 1049, 1055 (D. Minn. 2016). In cases of defamation per se, however, harm to reputation may be presumed. Id.; see also Richie v. Paramount Pictures Corp., 544 N.W.2d 21, 25 (Minn. 1996); Chafoulias, 668 N.W.2d at 654. "Statements considered defamatory per se include false accusations of committing a crime and false statements about a person's business, trade, or professional conduct." Tholen v. Assist Am., Inc., 528 F. Supp. 3d 1017, 1024 (D. Minn. 2021). Reger has adequately pleaded defamation per se based on the errors and factual implications in the article.

**V.   Intentional Infliction of Emotional Distress**

Reger lastly alleges that the AP is liable for IIED because the article's falsehoods and implications constituted extreme, intentional, and outrageous misconduct. The AP moves to dismiss this claim, arguing that Reger cannot avoid the burdens of a defamation claim by raising essentially the same claim under another doctrine. It also argues that Reger has failed to meet

10

the high bar required to properly plead an IIED claim. Reger did not respond to the AP's arguments and therefore has abandoned this claim. See Christensen v. PennyMac Loan Servs., LLC, 988 F. Supp. 2d 1036, 1042 (D. Minn. 2013) (holding that the failure to respond to a dispositive argument on a motion to dismiss constitutes abandonment of the underlying claim). The IIED claim is dismissed with prejudice.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 15] is granted in part and denied in part as set forth above.


Dated: April 17, 2024         s/David S. Doty
                              David S. Doty, Judge
                              United States District Court