# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Reger,<br><br>Plaintiff<br><br>v.<br><br>The Associated Press,<br><br>Defendant. | Case No. 23-cv-02983-DSD-DLM<br><br>STIPULATED PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

Plaintiff and Defendant, by and through their undersigned counsel, hereby stipulate and agree to this Protocol Regarding Discovery of Electronically Stored Information (the "ESI Protocol").

1. **PURPOSE AND SCOPE**

This ESI Protocol will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, Local Rules for the District of Minnesota, and any other applicable orders and rules. Nothing herein shall alter the Parties' respective rights or obligations under the aforementioned rules, or establishes any agreement regarding the subject matter or scope of discovery in this action, or the relevance or admissibility of any ESI or other document or thing. Nothing in this ESI Protocol shall be interpreted to require disclosure of irrelevant information or ESI protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

**2. COOPERATION**

The Parties commit to cooperate in good faith throughout the matter. No party may seek relief from the Court concerning compliance with the ESI Protocol unless it has conferred in good faith with the affected Parties.

**3. DEFINITIONS**

"<u>Custodial Documents</u>" includes a custodian's e-mail mailbox, text messages, and papers and other hard copy documents. Custodial Documents do not include ESI stored in centralized data sources such as shared drives or group folders. Custodial Documents also do not include any structured data, such as data stored in data warehouses, databases, or similar locations.

"<u>Documents</u>" means any recorded information stored in any medium from which information can be obtained, whether as ESI or in hard copy. It shall be interpreted in the broadest possible sense and shall include, but not be limited to, all writings of any kind, letters, memoranda, correspondence, calendars, address books, date books, diaries, facsimiles, telexes, teletypes, charts, graphs, notes, spreadsheets, schedules, PowerPoint slides, photographs, books, audio tapes, video tapes, presentations, compilations, indices, analyses, plans, e-mail, Internet material, discussion group or chat room postings, text messages, and all other electronic information or data wherever found, including information stored on network servers, local drives, diskettes, CD-ROM, back-up files, tapes, including each non-identical copy thereof (whether different because of handwritten notes, amendments, marginal notations, enclosures, attachments, underlining, highlighting, or otherwise).

"<u>Electronically Stored Information</u>" or "ESI," as used herein, means information or data of any kind, stored in or on any storage media located on workstations, servers, disks, USB flash media, or other real or virtualized devices or media.

"Load File" means an electronic file containing information identifying a set of paper-scanned images and/or processed ESI and indicating where individual pages or files belong together as Documents, including attachments, and where each Document begins and ends. A Load File will also contain certain data relevant to the individual Documents, including, where reasonable and possible, extracted and user created Metadata as specified herein and in Attachment A.

"Metadata" means information about information or data about data, and includes without limitation (1) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (2) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. Except as otherwise provided herein (e.g., Sections 6 and 7.B), this ESI Protocol does not create a duty on a party to create Metadata that is not kept in the ordinary course (excluding production-related Metadata, such as Bates numbers) and reasonably captured and produced.

"Native File" means ESI in the file type for (or of) the application in which such ESI is normally created, viewed and/or modified.

"OCR" means the optical character recognition file which is created by software used in conjunction with a scanner that is capable of reading text-based Documents and making such Documents searchable using appropriate software.

4.      THE COLLECTION AND CULLING OF ESI

   A.     **Collection of ESI**

Each party shall make a reasonable and diligent efforts to search for and collect reasonably accessible and responsive Custodial Documents and ESI.

### B. Culling of ESI

Documents may be de-duplicated globally (i.e. across multiple custodians) provided that the producing party identifies the additional custodians in the Custodians All field specified in Attachment A. Duplicates shall be identified by industry standard hash values or other comparable automated process only. Any other methodology for identification of duplicates must be discussed with the receiving party and approved before implementation.

The Parties may also use e-mail thread suppression to reduce duplicative production of e-mail threads by producing the most recent e-mail containing the thread of e-mail, as well as all attachments within the thread. If an e-mail thread splits into two separate threads, then both threads shall be included in the production. If an e-mail has an attachment and subsequent replies omit that attachment, then the original e-mail with the attachment shall also be included in the production.

## 5. PRODUCTION FORMATS

The Parties shall produce Documents and ESI in reasonably usable form. Except as otherwise provided herein (e.g., Section 7.0 regarding Native Files), or as agreed hereafter by the Parties, such reasonably usable form shall be the single-page TIFF-image format with extracted or OCR text and the associated Metadata set out in Attachment A (to the extent available and reasonable to collect and produce). If particular Documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such Documents.

### A. Production Media

The production media for Document productions shall be by secure FTP link provided via e-mail. Each item of production media shall be labelled in a consistent and logical manner to inform the receiving party of its contents.

B.   **TIFFs**

All production images will be provided as black and white single page Group IV TIFFs of at least 300 dpi resolution (except for documents requiring a different resolution or page size); for production of color images, *see* Section 5.G. Each image will use the Bates number of the first page of the Document as its unique file name. Original Document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Hidden content, tracked changes or edits, comments, notes and other similar information viewable within the Native File shall also be imaged so that this information is captured on the produced image file.

C.   **Text Files**

Each Document or ESI item produced under this ESI Protocol shall be accompanied by a text file. All text files shall be provided as a single Document level text file for each item, not one text file per page. Each text file shall be named using the Bates number of the first page of the corresponding production item. The full path of the text file must be provided in the Load File. Text files themselves should not be delivered in the Load File.

Paper or other non-ESI Documents will be accompanied by an OCR file. The Parties will endeavor to generate accurate OCR and will utilize quality OCR processes and technology. OCR text files should indicate page breaks where possible. Emails and other ESI will be accompanied by extracted text taken from the ESI item itself. The Parties agree not to degrade the searchability of text extracted from ESI or produced via OCR.

To the extent that a Document or ESI is redacted, the text file should not contain the text of the redacted portions.

D.   **Bates Numbering**

All images must be assigned a Bates number that must always: (1) be unique across the entire production; (2) maintain a constant length (0- padded) across the entire production;

(3) contain no special characters or embedded spaces; and (4) be sequential within a given Document. Bates numbers should be a combination of an alpha prefix along with a number (e.g. ABC00000001). The number of digits in the numeric portion of the Bates number format should not change in subsequent productions.

Bates numbers should generally be assigned sequentially as Documents are processed. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production.

The producing party will brand each TIFF image in the lower right-hand corner with its corresponding Bates number, using a consistent font type and size. The Parties must use best efforts to apply Bates numbers so as not to obscure any part of the underlying image. If the placement in the lower right-hand corner will result in obscuring the underlying image, the Bates number should be placed as near to that position as possible while using best efforts to preserve the underlying image.

E. **Parent-Child Relationships**

Parent-child relationships between Documents that have been maintained in the ordinary course of business should be preserved. For example, if a party is producing an e-mail with its attachments, the attachments should be processed in order behind the e-mail, except attachments withheld on privilege grounds, which will be indicated on the associated privilege log and the withheld attachment will be replaced with a slip sheet stating "Document withheld for privilege."

F. **Load Files**

All production items will be provided with a Load File. Image Load Files should be provided in .opt format. Metadata load files should be provided in .dat format with Concordance delimiters. The Load File must reference each file (whether in TIFF or Native

File format) in the corresponding production. Metadata for a given Metadata field shall be produced with uniform formatting across different Documents and productions to the extent practicable.

Load File names should contain the volume name of the production media. Additional descriptive information may be provided after the volume name. For example, both ABC001.dat or ABCOOl_metadata.dat would be acceptable.

G. **Color**

Documents or ESI containing color need not be produced initially in color. However, if an original Document or ESI item contains color markings or highlighting and it is necessary to see those markings or highlighting in their original color to understand the meaning or content of the Document, then the receiving party may, in good faith, request that the Document or ESI item be produced in its original colors. The Parties reserve the right to request these files in an alternative format (either in color TIFF or .jpg format), though there is no presumed requirement for a party to produce "color for color" across all of its delivered documents.

H. **Confidentiality Designations**

If a particular Document or ESI item qualifies for confidential treatment pursuant to the terms of the protective order entered by the Court in this litigation, or has been redacted in accordance with applicable law or Court order, the appropriate confidentiality designation shall be shown both on the face of all TIFFs pertaining to such item/Document, and in the appropriate data field in the Load File.

6. **PRODUCTION OF TEXT MESSAGE / CHAT DATA**

Text message data shall be produced in image format. A message document unit shall contain a day of conversation of a single message thread and include any embedded photos or

emoji. Attachments such as audio or video shall be produced in native format with the BegAttach field populated along with their parent message document.

## 7. PRODUCTION OF PAPER DOCUMENTS

The Parties agree that responsive paper (or other non-ESI) Documents will be scanned and produced electronically rather than in paper format. The form of production for scanned Documents shall be: (1) TIFF images, consistent with the specifications in Section 5.B; (2) the appropriate Load Files consistent with the specifications below; and (3) searchable OCR text of scanned Documents created by the producing party, consistent with the specifications in Section 5.C.

The following information (as further described in Attachment A) shall be produced in the Load File accompanying production of all paper (or other non-ESI) Documents: (1) BegBates, (2) EndBates, (3) BegAttach, (4) EndAttach, (5) PgCount, (6) Custodian, (7) SourceParty, (8) TextPath, (9) Confidentiality, (10) Redacted, (11) ProdVol, (12) DocType, and (13) FilePath.

## 8. PRODUCTION OF ESI

### A. Removal of System Files

ESI productions may exclude certain file types that are highly unlikely to contain relevant data, this includes, but is not limited to de-NISTing using the industry standard list of files maintained in the National Software Reference Library by the National Institute of Standards & Technology. Other file types may be added to the list of excluded files by agreement of the Parties.

### B. Metadata Fields and Processing

Attachment A sets forth the minimum Metadata fields that must be produced, but only to the extent that Metadata exists and can be reasonably produced. Except as otherwise set

forth below, to the extent that Metadata does not exist, is not reasonably accessible or available, or would be unduly burdensome to collect, nothing in this ESI Protocol shall require any Party to extract, capture, collect, or produce such data.

The Parties are not obligated to manually populate any of the fields in Attachment A for an ESI item if such fields cannot be extracted from the ESI item using an automated process, with the exception of the following fields: (1) BegBates, (2) EndBates, (3) BegAttach, (4) EndAttach, (5) PgCount, (6) Custodian, (7) SourceParty, (8) TextPath, (9) Confidentiality, (10) Redacted, (11) ProdVol, (12) DocType, and (13) FilePath. These fields should be populated regardless of whether the fields can be populated pursuant to an automated process.

### C. Production of Native File Items

The following items of ESI shall be produced in Native File format: spreadsheet-application files (e.g., MS Excel, Tab Separated Value (.tsv), Comma Separated Value (.csv)), personal databases (e.g., MS Access), multimedia audio/visual files such as voice and video recordings (e.g., .wav, .mpeg, and .avi) and presentation files and/or presentation application files (e.g. MS PowerPoint), with any speaker notes and any other similar text produced with the presentation slides.

In addition to producing the above file types in Native File format, the producing party shall produce a single-page TIFF slip sheet indicating that a Native File item was produced and providing the file name of the natively produced document, as well as any confidentiality designation. The corresponding Load File shall include the NativePath data field for each Native File that is produced. Any electronic file produced in Native File format shall be given a file name consisting of a unique Bates number, for example, "ABC00000002.XLS."

Through the pendency of this case, the producing party shall exercise reasonable, good faith efforts to maintain all discoverable and/or preserved Native Files in a manner that does not materially alter or modify the files or their Metadata.

D. **Requests for Other Native Files**

If good cause exists for the receiving party to request production of a certain Document in native format, the receiving Party may request production in native format by providing (i) a list of the Bates numbers of Documents it requests to be produced in native format; and (ii) an explanation of the need for reviewing such Documents in native format, for the producing party's consideration.

E. **Redaction**

The Parties agree that where Documents or ESI need to be redacted, they shall be produced in TIFF with each redaction clearly indicated. For any redacted Document or ESI, any unaffected Metadata fields specified in Attachment A shall be provided, subject to the conditions set forth in Section 7.B. "Metadata Fields and Processing," *supra.*

If the items redacted and partially withheld from production are Excel-type spreadsheets, and the Native Files are withheld, the entire ESI item must be produced in TIFF format, including all unprivileged pages, hidden fields and other information that does not print when opened as last saved by the custodian or end-user. For Excel-type spreadsheets, this shall include, but is not limited to, hidden rows, columns, and worksheets, as well as all cell values, annotations and notes. The producing party shall also make reasonable efforts to ensure that any spreadsheets produced only as TIFF images are formatted so as to be legible. For example, column widths should be formatted so that the numbers in the column will display rather than "##########."

If the items redacted and partially withheld from production are audio/visual files, the producing party shall provide the unredacted portions of the content. The Parties shall meet and confer regarding the appropriate form for production of any types of ESI not specifically addressed herein.

F.  **Technical Exceptions**

ESI that cannot be reviewed, produced, and/or imaged because of technical issues should be replaced with a slip sheet so stating. The slip sheet shall identify the document. If the receiving party requests further information regarding production of any such Documents, the Parties will meet and confer on a reasonable and cost-effective means for attempting to provide the requested files.

G.  **Inaccessible and Unusable ESI**

If a producing party asserts that certain ESI is inaccessible or otherwise unnecessary under the circumstances, or if the requesting party asserts that, following production, certain ESI is not reasonably usable, the Parties shall meet and confer before presenting the issue to the Court for resolution.

H.  **Irretrievable ESI**

If a party believes that responsive, unique ESI no longer exists in its original format, or is no longer retrievable, the Parties shall meet and confer to attempt to resolve the issue expeditiously.

I.  **Compressed Files**

Compression file types (i.e., .CAB, .GZ, .TAR, .Z, .ZIP) shall be decompressed in a reiterative manner resulting in individual folders and/or files in the lowest possible compression, for example to ensure that a zip within a zip is fully decompressed into individual non-zip files. Once decompressed into individual non-container files, the compressed container

file does not need to be produced. Compressed items should be treated as compressed folders and not as compressed items.

9. **DOCUMENTS PROTECTED FROM DISCOVERY**

The production of a privileged or work-product-protected Document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected Documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

10. **PRIVILEGE LOG**

For any Document withheld in its entirety or produced but redacted, the producing party will produce privilege/redaction logs in a format that permits electronic searching. Entries for redacted documents must identify, by Bates number, each document over which the producing party is asserting privilege. Privilege logs shall be provided within 30 days of the production to which they correspond.

Communications involving undersigned counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

11. **MODIFICATION**

This ESI Protocol may be modified by agreement of the parties or by Order of the Court for good cause shown.

**IT IS SO STIPULATED,** through Counsel of Record.

Dated: September 5, 2024 By: *s/Barbara Podlucky Berens (with permission)*
Barbara Podlucky Berens, #209788
3720 IDS Center
80 South Eighth Street

Minneapolis, Minnesota 55402
(612) 349-6171
bberens@berensmiller.com

***Counsel for the Plaintiff***

Dated: September 5, 2024  By:  *s/Leita Walker*
Leita Walker (No. 0387095)
80 South Eighth Street
2000 IDS Center
Minneapolis, MN 55402-2119
Tel: (612) 371-3211
*walkerl@ballardspahr.com*

***Counsel for the Defendant***

**Attachment A: Metadata Coding Fields**

The Metadata fields described below shall be populated for the indicated types of documents, in accordance with terms of the foregoing ESI Protocol.

"Email" means any email message.
"Edoc" means any item of ESI other than Email.
"All" means Email, Edocs, and scanned hard copy documents.

| Field Name | Document Type | Field Description |
| --- | --- | --- |
| BegBates | All | Beginning Bates number of document |
| EndBates | All | Ending Bates number of document |
| BegAttach | All | First Bates number of the first document of the family |
| EndAttach | All | Last Bates number of the last document of the family |
| PgCount | All | Page count of document |
| Custodian | All | Custodian name |
| SourceParty | All | Party producing the document |
| TextPath | All | Path to the document level text file on production media |
| Confidentiality | All | Text of confidentiality designation, if any |
| Redacted | All | Whether all or any portion of the document is redacted |
| ProdVol | All | Name of the production volume containing the document |
| DocType | All | Identifies type of document produced |
| FilePath | All | Path to the document level text file on production media |
| CustodiansAll | Email | All custodians who possessed a de-duplicated document |
| MD5Hash | Edoc | The document's MD5 Vhash value |
| Size | Email | Size (in bytes) of the original document |
| Extension | Edoc | File extension of the document |
| FileName | Email | File name of the document |
| Title | Edoc | Any value in the Title field of the document properties |
| Subject | Email | Any value in the Subject field of the document properties |
| Author | Edoc | Any value of the Author field of the document properties |
| Date\TimeCreated | Edoc | Date and Time the document was created |
| LastModDate\Time | Edoc | Date and Time the document was last modified |
| NativePath | Edoc | Path for Native File on production volume |
| NativeApp | Edoc | The application normally used to view the document |
| EmailSubject | Email | Subject line of email |
| AttachmentCount | Email | Number of documents attached to the email |

| From | Email | Sender of the email |
|---|---|---|
| To | Email | All recipients included on the "To" line of the email |
| CC | Email | All recipients included on the "CC" line of the email |
| BCC | Email | All recipients included on the "BCC" line of the email |
| ParentID | Email | Identifies ID of parent document if document family |
| AttachIDs | Email | Identifies the ID(s) of the children document(s) in family |
| Date\TimeSent | Email | Date and time email/message/chat was sent |
| TimeSent | Email and Message Data | Time email was sent |
| TimeReceived | Email | Time email was received |
| Date\TimeReceived | Email | Date and time email was received |
| Participants | Message Data | All participants included in a message/chat thread |