**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Michael Reger,

Plaintiff,

v.

The Associated Press,

Defendant.

Civ. No. 23-2983 (JWB/DLM)

**ORDER ON**
**MOTION TO INTERVENE AND**
**MOTIONS TO UNSEAL**

---

Defendant Associated Press ("AP") seeks immediate public access to its summary judgment memorandum and supporting exhibits. (Doc. No. 168.) Star Tribune Media Company LLC ("Star Tribune") moves to intervene for the limited purpose of supporting that request. (Doc. No. 211.) Northern Oil and Gas, Inc. ("NOG"), Bahram Akradi, and Wayzata Country Club ("WCC") have asserted interests in maintaining confidentiality of certain information, and Plaintiff Michael Reger also opposes the requested disclosure. (*See* Doc. Nos. 160, 176, 178, 204–05, 219, 224–25.)

The questions are whether Star Tribune may intervene and what, if anything, should be unsealed before AP's summary judgment motion is decided.

On October 9, 2026, the parties were directed to confer about a less redacted public version of AP's opening summary judgment memorandum. (Doc. No. 233.) AP has submitted the results, the confidentiality objections, and a proposed revised memorandum under seal. (Doc. Nos. 236, 236-1.) The summary judgment hearing is scheduled for November 19, 2026. Limited intervention is appropriate, and a less

redacted memorandum should be filed before that hearing. The broader exhibit sealing questions will be addressed after the summary judgment ruling.

## DISCUSSION

### I. Motion to Intervene

Permissive intervention is a proper means for a nonparty to seek access to judicial records in civil cases. *Flynt v. Lombardi*, 782 F.3d 963, 966–67 (8th Cir. 2015). When intervention is limited to that purpose, an independent basis of jurisdiction is unnecessary, and the ordinary requirement of a common question is applied with appropriate flexibility. *Id.* at 967. Star Tribune seeks access to the filing and not a role in litigating Reger's defamation claims. Its motion is timely, and the access issues have already been briefed by the parties and affected nonparties. Limited intervention therefore will not unduly delay or prejudice the adjudication. Fed. R. Civ. P. 24(b)(3). That permission does not entitle Star Tribune to participate in the merits of summary judgment or establish that any particular document must be unsealed. *Flynt*, 782 F.3d at 967 n.3.

### II. Access to the Summary Judgment Record

The common law recognizes a qualified right of access to judicial records. *IDT Corp. v. eBay, Inc.*, 709 F.3d 1220, 1222–24 (8th Cir. 2013). The weight of the presumption depends on the role a record plays in the exercise of judicial power. *Id.* at 1224. Access must be balanced against demonstrated interests favoring confidentiality, including appropriate protection of nonparty information. *Flynt v. Lombardi*, 885 F.3d 508, 511–12 (8th Cir. 2018). A designation under a discovery protective order, standing alone, does not determine whether information included in a judicial filing must remain

sealed. *See* D. Minn. LR 5.6, 2017 Advisory Committee Note ("Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.")

AP's memorandum presents its arguments for judgment and therefore carries a substantial public access interest, even though the significance of every exhibit has not yet been determined. AP and Star Tribune have also raised a First Amendment access claim. The Eighth Circuit has not decided whether an independent First Amendment right attaches to civil court files. *Flynt*, 885 F.3d at 512. The present dispute can be resolved under the common law standard without deciding that constitutional question.

The remaining objections to unsealing the memorandum require distinctions. Reger principally argues that certain passages are irrelevant, prejudicial, or inadmissible under Federal Rule of Evidence 408. Those are objections to AP's use of the evidence, not independent grounds for confidentiality. Some of the disputed material also bears directly on AP's arguments. For example, AP relies on testimony concerning witnesses' use of civil and criminal terminology to support its position that its reporting error was an innocent mistake.

NOG and Akradi identify interests in confidential financial and legal affairs. Those interests support retaining, at this stage, the limited redactions to paragraphs 78 and 100b, pending a more complete review under Local Rule 5.6. They do not justify withholding the general historical account in paragraph 84 and the corresponding discussion on page 27, which bears on AP's assertion that Reger's professional

difficulties had causes independent of the challenged article. The proposed disclosures do not identify particular financial institutions or disclose business terms. Concern about unfavorable speculation, without a more specific showing, does not justify withholding that general argument. The redactions to paragraphs 82 and 100d likewise should be removed.

WCC identifies more substantial privacy interests in private disciplinary complaints, communications from uninvolved members and employees, and settlement-related matters. Those interests warrant continued redaction of the sensitive allegations in paragraphs 110b, 110c, and 110j, and the protected portions of paragraph 110l. But the basic chronology, Reger's own explanation of his position, and the fact and disposition of the disciplinary proceedings may be disclosed. Those facts bear on AP's response to Reger's allegation of injury to his standing at WCC without requiring public exposure of the underlying private complaints. WCC's confidentiality agreement may inform the interests at stake, but does not itself control access to a judicial record.

Exhibit A to this Order, which is filed separately under seal, specifies the permitted and retained redactions in AP's memorandum. It is incorporated into this Order only for that purpose and shall not be made public. The resulting disclosure does not establish the truth, admissibility, or weight of any disputed assertion in the memorandum.

The request to unseal the underlying exhibits presents a different question. Local Rule 5.6(d)(4), as amended in 2026, calls for review of continued sealing after the underlying motion is decided, when the role of particular evidence in that decision can be assessed. The rule also permits earlier review upon an appropriate request. *See* D. Minn.

LR 5.6(d)(5); D. Minn. LR 5.6, 2026 Advisory Committee Note. After considering the submissions, the immediate need for meaningful access to the briefing does not justify undertaking a comprehensive, document-by-document review of the exhibits before deciding summary judgment. No ultimate sealing determination concerning those exhibits is made here.

**ORDER**

For these reasons, **IT IS HEREBY ORDERED** as follows:

1. Star Tribune's Motion (Doc. No. 211) is **GRANTED** to the extent that it seeks permissive intervention limited to public access to judicial records. Intervention does not extend to the merits of the action.

2. AP's Motion to Unseal (Doc. No. 168) and the unsealing portion of Star Tribune's Motion (Doc. No. 211) are **GRANTED IN PART** as to AP's summary judgment memorandum, subject to the precise redactions specified in sealed Exhibit A. Their requests for immediate, wholesale unsealing of the summary judgment exhibits are **DENIED WITHOUT PREJUDICE**, subject to consideration under LR 5.6(d).

3. NOG's motion to enforce LR 5.6 (Doc. No. 160) is **GRANTED IN PART** insofar as the post-decision process will govern the remaining exhibit-sealing issues and **DENIED IN PART** insofar as it would preclude any earlier access review. Akradi's request to join that motion (Doc. No. 176) and WCC's request for leave to be heard (Doc. No. 178) are **GRANTED**; their submissions have been considered.

4. AP shall file one revised public version of its summary judgment memorandum **on November 16, 2026**, removing redactions not approved in sealed

Exhibit A and preserving those approved. Exhibit A shall remain under seal and shall not accompany the public filing. Any party or nonparty seeking to prevent newly authorized disclosures shall move for appropriate relief **before November 16**. Any such motion may not merely repeat the prior arguments for maintaining confidentiality. If a timely motion to stay a specific disclosure remains pending, that passage shall remain redacted until further order; AP shall file the remainder of the revised memorandum as directed.

5. This Order does not authorize unsealing of the underlying exhibits, resolve any summary judgment issues, or preclude an agreement to unseal particular exhibits under LR 5.6(d)(3). The continued sealing of the underlying exhibits remains subject to the ordinary procedures of LR 5.6(d)(4), unless otherwise ordered.

Date: November 13, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge